```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X    COMPLAINT
ALBERTO GALVEZ
and other similarly situated,                                                   FLSA COLLECTIVE
                                                                                ACTION
                                              Plaintiffs,

              -against-

CLASSIC FOOD INC. d/b/a SIDO FALAFEL
& MORE and EMILE AKLEH, individually
                                              Defendants.
---------------------------------------------------------------------------X
```

Plaintiff Alberto Galvez ("Plaintiff") on behalf of himself and other similarly situated employees at Defendants, by and through their attorneys, The Law Offices of Jacob Aronauer, allege the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and similarly situated co-workers (cooks and restaurant workers) to recover unpaid overtime compensation and other wages. Plaintiff worked at the restaurant owned, controlled and operated by Defendant Emile Akleh.

2. Plaintiff bring this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Classic Food Inc. d/b/a Sido Falafel & More ("Sido Falafel") and Emile Akleh ("Akleh") (collectively herein "Defendants").

3. Plaintiff also brings this action on behalf of all similarly situated current and former employees of all restaurants owned and operated by Defendants pursuant to remedy

violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

### Alberto Galvez

7. Galvez is an adult individual residing in New York, New York.

8. From August 8, 2009 until October 23, 2021 (with a break in employment) Galvez worked preparing foods, as a cook and as a delivery person at Sido Grill at 2288 Frederick Douglass Boulevard in New York, New York.

9. Galvez is a covered employee within the meaning of the FLSA and the NYLL.

### Defendants

### Emile Akleh

10. For more than ten years Defendant Akleh has maintained control, oversight and the direction of Sido Falafel in New York, New York.

11. Defendant Akleh is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Sido Falafel.

12. On information and belief, Defendant Akleh is one of several owners and/or senior-level managers of Sido Falafel.

**Classic Food Inc. d/b/a Sido Falafel & More**

13. Classic Food Inc. is a closed corporation in the restaurant industry, having its principal place of business located at 267 Columbus Ave #11, New York, NY 10023.

14. At all times relevant to this action, Defendant Sido Falafel was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Sido Falafel has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

16. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

17. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

**Prior Lawsuits Brought Against Defendants**

18. Defendants are no strangers to wage and hour lawsuits brought by their employees for unpaid wages.

19. This is at least the third lawsuit brought against Akleh individually and Sido Falafel for violations of the NYLL and the FLSA.

20. The first lawsuit was *Basurto et al. v. Sido Falafel and More and Emile Akleh*, 11-cv-2994 (WHP).

21. *Basurto* was settled shortly after it was filed. *See* dkt 009.

22. The second lawsuit is *Rabey Hassan v. Classic Food Inc. d/b/a Sido Falafel*, 1:20-cv-07549 (DT).

23. In *Hassan*, a former cook sued Sido Falafel and its various owners for violations of the NYLL and the FLSA.

24. This matter is still active.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as non-exempt workers at Sido Falafel, who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

26. The FLSA Collective Plaintiffs consist of approximately ten similarly situated current and former employees of Sido Falafel, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA, *inter alia,* willfully denying them overtime wages.

27. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective Plaintiffs.

28. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective Plaintiffs were not paid the appropriate premium overtime compensation for all hours worked beyond 40 hours per workweek.

29. All the work that Plaintiff and the FLSA Collective Plaintiffs have performed was assigned by Defendants, and/or Defendants have been aware of all work that Plaintiff and the FLSA Collective Plaintiffs have performed.

30. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with

respect to Plaintiff and the FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to:

    (a)    willfully failing to pay cooks and restaurant workers, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

    (b)    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants.

31. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the overtime hours worked.

32. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs minimum wage for hours worked up to 40 per workweek.

33. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for hours worked in excess of 40 per workweek.

34. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

35. Defendants' unlawful conduct is widespread, repeated and consistent.

36. There are many similarly situated current and former non-exempt workers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

37. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

38. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective Plaintiffs, Plaintiff will request payment of service awards upon resolution of this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### Sido Grill and Sido Falafel & More Restaurants

39. As previously stated, Defendant Akleh owns, controls and operates Sido Grill and Sido Falafel & More.

40. As set forth on their webpage (www.sidofalafeltogo.com), Sido Falafel & More is located at 267 Columbus Ave, New York, NY 10023.

### Defendants' General Employment Practices

41. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate minimum wage and overtime compensation as required by federal and state laws.

42. At all times relevant to this Complaint, Defendants unlawfully applied a tip credit to their employees.

43. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

44. Defendants' pay practices resulted in Plaintiff not receiving full payment for all his hours worked, and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

45. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y. C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

46. Under state law, Defendants were not entitled to a tip credit because the tipped workers' and Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y. C.R.R. § 146).

47. In violation of federal and state law as codified above, Defendants classified Plaintiff and other employees as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

48. Defendants regularly paid Plaintiff a portion of his wage at the tipped rate even though Plaintiff's non-tipped duties exceeded 20%.

49. Defendants failed to inform Plaintiff that Defendants intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

**Work Schedule and Salary for**
**Cooks and Restaurant Workers at Sido Falafel**

50. Sido Falafel does not have an official time track keeping system to monitor cooks and restaurant workers' hours at Sido Falafel.

**Alberto Galvez's Employment at Defendants**

51. As previously mentioned, Plaintiff worked for Defendants from August 8, 2009 to October 23, 2021, with approximately a six-month break in employment from on or about April 23, 2020 through October 1, 2020.

52. When Plaintiff worked overtime, he was not paid time and one-half for his overtime hours worked.

53. In addition, Plaintiff was paid tips.

54. When Plaintiff spoke to Akleh about the unfair practice of withholding money because Plaintiff was tipped, Akleh said "that is the way I pay."

55. Defendants also required Plaintiff to buy his own equipment (e.g., helmet, bike, gear) to make deliveries.

56. When Plaintiff worked ten hours or more in a day, he was not given spread of hours pay.

57. Plaintiff was not given spread of hours pay even though he was never paid more than the applicable NY minimum wage.

**Time Period 1**

58. From on or about August 2009 to on or about June 2012, Plaintiff worked Wednesday through Monday.

59. Plaintiff worked from 12:00 p.m. to 12:00 a.m.

60. Plaintiff was paid $325 per week.

61. Plaintiff was paid $325 in currency (cash).

62. This amount was not inclusive of overtime.

63. Rather, Defendants only paid Plaintiff for the first 40 hours he worked.

64. Notably, Defendants did not pay Plaintiff for his first three days of work.

65. Plaintiff also made approximately $3.50 in tips per delivery he made each shift.

66. Plaintiff only did deliveries for 30 minutes to one hour per shift.

**Time Period 2**

67. From on or about July 2012 to on or about March 2017, Plaintiff worked Wednesday through Monday.

68. Plaintiff worked from 3:00 p.m. to 11:00 p.m.

69. Plaintiff was paid $350 per week.

70. Plaintiff was paid $350 in currency (cash).

71. This amount was not inclusive of overtime.

72. Rather, Defendants only paid Plaintiff for the first 40 hours he worked.

73. Plaintiff also made approximately $3.50 in tips per delivery he made each shift.

74. Plaintiff only did deliveries for 30 minutes to one hour per shift.

**Time Period 3**

75. From on or about April 2017 to on or about April 2020, Plaintiff worked Mondays, Wednesdays, Fridays, Saturdays, and Sundays.

76. Plaintiff worked from 3:00 p.m. to 11:00 p.m.

77. Plaintiff was paid $350 per week.

78. Plaintiff was paid $350 in currency (cash).

79. Plaintiff also made approximately $3.50 in tips per delivery he made each shift.

80. Plaintiff only did deliveries for 30 minutes to one hour per shift.

**Time Period 4**

81. Due to the Covid-19 pandemic, Plaintiff was not present at work through part of April 2020 and October 2020.

82. From on or about October 2020 to on or about January 2021, Plaintiff worked Mondays, Wednesdays, Fridays, Saturdays, and Sundays.

83. Plaintiff worked from 3:00 p.m. to 9:00 p.m.

84. Plaintiff was paid $350 per week.

85. Plaintiff was paid $350 in currency (cash).

**Time Period 5**

86. From on or about February 2021 to on or about October 2021, Plaintiff worked Mondays, Wednesdays, Fridays, Saturdays, and Sundays.

87. Plaintiff worked from 4:00 p.m. to 9:00 p.m.

88. Plaintiff was paid $300 per week.

89. Plaintiff was paid $300 in currency (cash).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

90. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

91. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

92. Plaintiff and the FLSA Collective Plaintiffs have worked in excess of forty hours during some workweeks in the relevant period.

93. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per

workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

94. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

95. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

96. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Unpaid Overtime**
**(Brought on behalf of Plaintiff)**

97. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98. Defendants have failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

99. Defendants have failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

100. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

101. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (On Behalf of Plaintiff)

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Throughout his employment, Plaintiff frequently worked more than ten hours in a workday.

75. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

76. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff)

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

81. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff)

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants required Plaintiff to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wage in violation of the FLSA and NYLL.  29 U.S.C. 206(a); 28 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

D. Unpaid overtime pay, spread of hours, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

E. Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

F. Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

G. Prejudgment and post-judgment interest;

H. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL; and

I. Reasonable attorneys' fees and costs of the action.

Dated: November 14, 2021
New York, New York

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorneys for Plaintiff*